FILED
BILLINGS DIV

2010 OCT 6 AM 10 35

PATRICK E. ....
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>TRAVIS HENRY,<br><br>Defendant/Movant. | Cause No. CR 08-123-BLG-RFC<br>CV 10-106-BLG-RFC<br><br>ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |

On September 2, 2010, Defendant/Movant Travis Henry ("Henry"), a federal prisoner proceeding with counsel, filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255.

Henry fails to identify any defect in his conviction or sentence that could justify vacating, correcting, or setting aside the judgment. He successfully completed the Bureau of Prisons' Residential Drug Abuse Program ("RDAP"), but, on December 31, 2009, the Director denied early release. Mot. § 2255 (doc. 83) at 2 ¶ 2. Before

Henry signed the Plea Agreement on April 10, 2009, he knew the Director might deny early release. 28 C.F.R. § 550.55(b)(4)(vii) (eff. March 16, 2009); 74 Fed. Reg. 1892-01 (Jan. 14, 2009). In fact, the previous version of the regulation also would have permitted the Director to deny early release on the same grounds. 28 C.F.R. § 550.55(a)(1)(iv) (eff. Dec. 22, 2000). The statute, too, says "[t]he period a prisoner remains in custody after successfully completing a treatment program *may* be reduced by the Bureau of Prisons." 18 U.S.C. § 3621(e)(2)(B) (emphasis added). The United States could not and did not guarantee placement in the program, much less early release as a reward for completing it. Plea Agreement (doc. 54) at 9 ¶ 11.

The Director's decision not to award Henry early release because he was convicted in 2001 of misdemeanor attempted sexual misconduct with two juvenile girls, see Presentence Report ¶ 44; Mot. § 2255 at 2 ¶ 2, was well within his discretion and was readily foreseeable to Henry throughout the course of the plea negotiations. There is no need to "correct" the sentence to reflect the parties' expectations. No legitimate expectation was violated.[1]

---

[1] For the same reason – Henry knew of the Director's discretion as well as his own previous misdemeanor conviction before he signed the plea agreement – the motion is time-barred as well. The "facts supporting the claim . . . presented could have been discovered through the exercise of due diligence," 28 U.S.C. § 2255(f)(4), long before Henry's conviction became final. Thus, subsection (f)(1), not (f)(4), provides the "latest" starting date, id. § 2255(f), and Henry's motion was filed 399

ORDER DENYING § 2255 MOTION AND DENYING
CERTIFICATE OF APPEALABILITY / PAGE 2

Further, Henry was not prejudiced. Like the parties, I was aware that Henry's participation in the RDAP could reduce his sentence but would not necessarily do so. Nonetheless, three years was a reasonable sentence. It remains so, regardless of the Director's decision. Henry's motion under 28 U.S.C. § 2255 is denied.

Henry does not claim he was deprived of a constitutional right. A certificate of appealability is precluded. Rule 11(a), Rules Governing § 2255 Proceedings; 28 U.S.C. § 2253(c).

Accordingly, IT IS HEREBY ORDERED as follows:

1. Henry's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (doc. 83) is DENIED;

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Henry files a Notice of Appeal;

3. The Clerk of Court shall ensure that all pending motions in this case and in CV 10-106-BLG-RFC are terminated and shall close the civil file by entering

---

days after his conviction became final. Fed. R. App. P. 4(b)(1)(A); Clay v. United States, 537 U.S. 522, 532 (2003); Griffith v. Kentucky, 479 U.S. 314, 321 n.6 (1987). But even a movant represented by counsel must be given notice and an opportunity to respond before a § 2255 motion may be dismissed as untimely on prescreening. Day v. McDonough, 547 U.S. 198, 210 (2006). There is no need to delay resolution of this motion on that basis.

ORDER DENYING § 2255 MOTION AND DENYING
CERTIFICATE OF APPEALABILITY / PAGE 3

judgment in favor of the United States and against Henry.

DATED this 6th day of October, 2010.

/s/ Richard F. Cebull
Richard F. Cebull, Chief Judge
United States District Court

ORDER DENYING § 2255 MOTION AND DENYING
CERTIFICATE OF APPEALABILITY / PAGE 4